## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| JEROME WILLIAMS, | ) |  |
|---|---|---|
|  | ) |  |
| Movant, | ) | No. 4:13-CV-544 JCH |
|  | ) |  |
| vs. | ) |  |
|  | ) | Motion to Vacate, Set Aside, or |
| UNITED STATES OF AMERICA, | ) | Correct Sentence by a Person |
|  | ) | in Federal Custody |
| Respondent. | ) | 28 U.S.C. §2255 |

### ORDER

Petitioner Jerome Williams was convicted on January 31, 1995, in Cause No. 4:94-CR-56-JCH, following a jury trial on one count of kidnapping resulting in death, 18 U.S.C. §1201(a), and one count of conspiring to commit kidnapping resulting in death, 18 U.S.C. §1201(c). Mr. Williams was seventeen-years-old when he committed these crimes. On April 27, 1995 this Court sentenced petitioner to life without parole, the punishment mandated by 18 U.S.C. §1201(a) for his conviction of kidnapping, during which a person died. For his conviction of conspiracy to commit that kidnapping, this Court imposed a concurrent sentence of life in prison without parole, which was also mandated by 18 U.S.C. §3553(b)(1) (1995 ed.), and the United States Sentencing Guidelines, §§ 2A1.1(a), 2A4.1(c)(1), 2X1.1(a) (1995 ed.).

On June 25, 2012, the United States Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Miller v. Alabama*, ___ U.S. ___, 132 S.Ct. 2455, 2460 (2012). Although *Miller* does not prohibit a sentence of life without the possibility of parole for a juvenile offender, it mandates that the sentencer must be able to at least consider mitigating factors when determining whether such a punishment is appropriate. *Id.* at 2466.

The parties agree that the rule announced in *Miller* is substantive and retroactively applicable under the principles of *Teague v. Lane*, 489 U.S. 288 (1989). The government concedes that the mandatory life sentences without the possibility of parole given to Mr. Williams violate the holding of *Miller* and agrees that a new sentencing hearing on these counts is warranted.

Therefore, it is

ORDERED that

1. Defendant Jerome Williams's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255 is GRANTED;

2. The Defendant shall be returned to the Eastern District of Missouri pending the conduct of a new sentencing hearing in *United States v. Jerome Williams*, Cause No. 4:94-CR-056;

3. The probation department is directed to prepare and file an updated Presentence Investigation Report.

IT IS SO ORDERED.

Dated: 9/22/14

HON. JEAN C. HAMILTON
United States District Judge

2